502 F.2d 1160
 86 L.R.R.M. (BNA) 2151, 75 Lab.Cas. P 10,384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
National Labor Relations Board, Petitioner
v.
Rushton & Mercier Woodworking Co., Inc. et al., Respondents.
 No. 73-1289.
 United States Court of Appeals, First Circuit.
 March 21, 1974.
 
 Before COFFIN, Chief Judge, MCENTEE and CAMPBELL, Circuit Judges.
 
 Memorandum and Order
 
 1
 This is a petition for enforcement of a Labor Board order entered against Rand & Co., Inc. (Rand), and Rushton & Mercier Woodworking Co., Inc. of Massachusetts (Rushton), its wholly owned subsidiary. The Board found that Rand, in violation of Secs. 8(a)(1) and (3) of the Act, 29 U.S.C. Secs. 158(a)(1), (3) (1970), closed its Boston plant on April 30, 1971, and, after certain legal maneuvering, reopened it some four months later under the aegis of its recently purchased subsidiary Rushton, for the purpose of eliminating an expensive union (Local 51) and replacing it with a less expensive one (District 50). Additionally, the Board found that Rand and Rushton had violated Secs. 8(a)(5), (2) and (1) of the Act, by refusing, upon reopening the plant, to bargain collectively with Local 51, and instead, in recognizing District 50.
 
 
 2
 After carefully reviewing the entire record in this matter, and closely examining the findings of the Board, we must conclude that substantial evidence, taken on the record as a whole, fully supports that Board's factual determinations. Such determinations having been correctly made, the Board's legal conclusions clearly follow therefrom.*
 
 
 3
 We have considered all the Companies' explanations detailing how the old Rand operation was, without any evil motive, eventually replaced by the new Rushton firm. While we deem the evidence presented with regard thereto to be entirely plausible, it is not our function to sit as a de novo trier of fact. The evidence in the record, particularly the credible testimony of the witness Infantino regarding Rand's purpose in shutting down, and the unusual insistence by Rand on the "new location" provision in the collective bargaining agreement negotiated with District 50, provides ample support for the Board's determination.
 
 
 4
 We have also examined the Companies' contention that the mailing of certain letters to those former employees who were members of Local 51, offering them employment at Rushton, should operate to toll any award of back pay. However, we agree with the Board that these letters may not be fairly construed as the sort of firm offer of reinstatement to former or substantially equivalent positions to which the Local 51 members were entitled.
 
 
 5
 The Board's order is affirmed and enforced.
 
 
 
 *
 Since we hold that substantial evidence supports the Board's finding that Rand and Rushton acted with intent to eliminate Local 51 and substitute for it a cheaper union, we have no occasion to pass upon the Board's alternative holding that since the Companies' activities were "inherently destructive of employee interests," NLRB v. Great Dane Trailers, [55 LC p 11,973] 388 U.S. 26, 33 (1967), they would violate the Act even "without ... proof of an underlying motive." Id